NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JESSICA POLLARD, on behalf of herself and the putative class, | : : : | **Civil Action No. 14-1155 (SRC)** |
|  | : |  |
| Plaintiff, | : : | **OPINION & ORDER** |
| v. | : : |  |
| AEG LIVE, LLC, AEG LIVE NJ, LLC, CONCERTS WEST, | : : |  |
|  | : |  |
| Defendants. |  |  |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Defendants AEG Live, LLC, AEG Live NJ, LLC and Concerts West (collectively "Defendants" or "AEG") for partial reconsideration of the Court's September 16, 2014 Order, which dismissed the Amended Complaint without prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), and with leave to re-plead. That disposition was based upon the Court's review of the sufficiency of Plaintiff's claims under New Jersey law, which the Court applied after conducting a choice of law analysis under the framework of § 145 of the Restatement (Second) of Conflict of Laws. Defendants now seek reconsideration of the Court's ruling on their motion to dismiss insofar as the ruling is based upon the choice of law analysis, which Defendants argue was flawed based on the Court's failure to consider the factors set forth in Restatement § 145(2). Plaintiff Jessica Pollard ("Plaintiff" or "Pollard") has opposed this motion for reconsideration.

1

In the District of New Jersey, a motion for reconsideration is governed by Local Civil Rule 7.1(i). Rule 7.1(i) provides that a party may move for reconsideration "within 14 days after the entry of the order or judgment on the original motion" by the court. L.Civ.R. 7.1(i). The moving party must, in the supporting brief, indicate "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id. A court may not grant a motion for reconsideration unless the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A party's "mere disagreement" with the Court's decision does not warrant reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003). The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)).

Defendants' motion is premised on the argument that reconsideration is warranted to correct a clear error of law committed by the Court when, in the Defendants' view, it overlooked certain Restatement factors in determining that the New Jersey Consumer Fraud Act governs Plaintiff's claims. In their underlying motion to dismiss, Defendants raised a conflict between New York and New Jersey law with respect to the claims asserted by Plaintiff, a New York resident, regarding tickets she purchased for concerts occurring in New Jersey. The wrongdoing

2

of which Plaintiff complains involves allegedly unlawful conduct by AEG, consisting of holding back from general sale an amount of tickets in excess of the limit imposed by a provision of the New Jersey Consumer Fraud Act.  Defendants nevertheless asked this Court to analyze the choice of law issue as if Plaintiff's claims involved allegations fraudulent misrepresentation and consistently maintained that the factors of Restatement § 148 applied to determine the governing law.  As such, they argued the § 148 factors demonstrated that, pursuant to the choice of law test adopted by the New Jersey Supreme Court in P.V. v. Camp Jaycee, 197 N.J. 132 (2008), New York is the state with the most significant relationship to the parties and cause of action. The Court rejected this approach, concluding that § 148 was simply inapposite to the claims, and instead utilized the analytical framework of Restatement § 145 to determine the state with the most significant relationship to the action.  Defendants now argue that reconsideration should be granted because "the Court overlooked and failed to apply § 145**(2)**, which sets forth contacts that must be applied to the facts in order to engage in a proper choice-of-law analysis." (Mot. at 2) (emphasis in original).  In other words, the basis for this motion for reconsideration is that the Court did not consider arguments that Defendants never actually made.  This is not the purpose of the mechanism provided by Local Rule 7.1(i) for reconsideration of a court's orders.

Moreover, Defendants' newly minted argument is simply incorrect.  Section 145(2) provides as follows:

> Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.

> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 145(2). Defendants assert that because Plaintiff is a New York purchaser of the concert tickets in question, New York substantive law must apply. It is abundantly clear, however, that New Jersey has a more significant relationship to the parties and issues than New York. As the Court discussed in its September 16, 2014 Opinion, the statutory provision invoked by Plaintiff to obtain relief was enacted with the clear purpose of protecting purchasers and anticipated purchasers, i.e., the general public, from being gouged and manipulated by event promoters and others with pre-sale access to tickets through artificial restrictions on the availability of event tickets. Moreover, as the investigative report informing the legislation reflects, the New Jersey legislature enacted the ticket hold-back provision not only to protect purchasers but also to protect the integrity of ticket sales to major concerts and other entertainment events being held in New Jersey venues. The legislation focuses on *New Jersey venues*, not those of New Jersey's neighboring states, such as New York and Pennsylvania, where New Jersey residents may and do attend shows. In other words, the statute does not purport to protect New Jersey residents who have been subject to price gouging in connection with events in other jurisdictions. The New Jersey legislature's effort to protect the integrity of event pricing in New Jersey venues is clearly tied into New Jersey's interest in seeing that its various stadiums, arenas and concert halls remain economically viable. This interest is more than sufficient to demonstrate that New Jersey has a more significant relationship than New York to the issues presented in this action.

Defendants have failed to meet the heavy burden required to warrant the extraordinary remedy of reconsideration. Their disagreement with the Court's analysis of the relevant choice-of-law factors of the Restatement is not grounds for the Court's to reconsider its holding that New Jersey law applies to Plaintiff's statutory consumer protection claims. Accordingly,

**IT IS** on this 19th day of November, 2014,

**ORDERED** that Defendants' motion for partial reconsideration of the Court's September 16, 2014 Order [docket entry 27] be and hereby is **DENIED**.

                                        s/ Stanley R. Chesler
                                        STANLEY R. CHESLER
                                        United States District Judge